IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

FREDERICK SHAWN DWORAZCYK                                             PETITIONER
REG. #19410-179

V.                                  NO.  2:05CV00289 JWC

LINDA SANDERS, Warden,                                                RESPONDENT
FCI, Forrest City, AR

## MEMORANDUM OPINION AND ORDER

Frederick Shawn Dworazcyk, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the policy of the Bureau of Prisons (BOP) regarding when a federal prisoner is eligible for transfer to a community corrections center (CCC) (docket entry #1). Respondent has filed a response (docket entry #7), and Petitioner has replied (docket entry #8). For the reasons that follow, the petition is GRANTED.[1]

Petitioner is serving a thirty-three-month sentence of imprisonment imposed on November 7, 2003, by the United States District Court, Southern District of Texas, for being a felon in possession of a firearm. He says he has been informed by the BOP that he is tentatively scheduled for transfer to a CCC on May 30, 2007, which will permit him only about eighty-seven days of CCC time. He says he has requested additional CCC time, which the BOP has denied based on its February 2005 policy which limits CCC placement to the last ten percent of an inmate's sentence. Petitioner argues that the BOP's interpretation of the applicable statutes is erroneous and illegal and that application of its current policy to him violates the Ex Post Facto Clause of the United States Constitution.

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge (docket entry #9).

He asks the Court to declare the February 2005 policy invalid and to direct Respondent to transfer him to a CCC for at least the final six months of his sentence.

In Elwood v. Jeter, 386 F.3d 842, 845-47 (8th Cir. 2004), the Eighth Circuit Court of Appeals invalidated a December 2002 BOP policy regarding CCC designation and held that the BOP has the discretion to transfer an inmate to a CCC at any time, but only the duty to consider a transfer to a CCC in the last six months of a sentence. See 18 U.S.C. § 3624(c). In response to Elwood and other similar decisions, the BOP created the regulations challenged here, which became effective February 14, 2005. These regulations provide that, as a "categorical exercise of discretion," the BOP will designate inmates for CCC placement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. §§ 570.20, 570.21 (2005). Just yesterday, in Fults v. Sanders, No. 05-3490, 2006 WL 870745 (8th Cir. Apr. 6, 2006), the Eighth Circuit Court of Appeals declared this policy invalid as conflicting with 18 U.S.C. § 3621(b), which lays out certain factors that must be considered by the BOP in making inmate placement or transfer determinations. See id. ("The Bureau may designate any available penal or correctional facility ... that the Bureau determines to be appropriate and suitable, considering – (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any [relevant] statement by the court that imposed the sentence ... ; and (5) any pertinent policy statements issued by the Sentencing Commission[.]").

According to the Eighth Circuit, "[t]hree of these factors – the nature and circumstances of the offense, the history and characteristics of the prisoner, and any

statement by the court that imposed the sentence – cannot be fully considered without evaluating inmates on a case-by-case basis." Fults, supra at *3. The BOP policy "removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences." Id. at *4. Because § 3621(b) requires that discretion be exercised on an individual basis, the Eighth Circuit found that the policy at issue was invalid. Id.; see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244 (3d Cir. 2005) (BOP regulation is invalid because the BOP "may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations").

Here, Respondent argues that the February 2005 policy is valid and consistent with federal statute. That argument is foreclosed by Fults. She also says that Petitioner's CCC placement date is only tentative and that no determination has yet been made regarding a CCC recommendation. In reply, Petitioner submits a "Sentence Monitoring Computation Data" sheet showing a "pre-release preparation date" of May 30, 2007, which he says is the same as his CCC placement date. (Ex. A to docket entry #8.)

Article III of the Constitution requires that a "case or controversy" exist for standing to bring an action in federal court. U.S. Const. art. III, § 2, cl. 1. For a case or controversy to exist, a plaintiff must suffer an "injury in fact" which is "fairly traceable" to the challenged action of the defendant, and it is "likely, as opposed to merely speculative," that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

BOP policy provides that, "[n]ormally 11 to 13 months before each inmate's probable release date, the unit team shall decide whether to refer an inmate to a Community

Corrections program." BOP P.S. 7310.04, p.12 (available at www.bop.gov).  According to the sentencing monitoring computation data sheet submitted by Petitioner, his projected release date is August 24, 2007; his pre-release preparation date is May 30, 2007; and his "six month/10% date" is left blank.  The data sheet is dated October 19, 2005, obviously more than eleven to thirteen months prior to his projected release date in August 2007.  Respondent does not dispute the accuracy of the data sheet or Petitioner's representation that the pre-release preparation date is the same as his CCC placement date.  Other courts have characterized the pre-release preparation date as corresponding to the date an inmate is eligible for transfer to a CCC.  Berretta v. Federal Bureau of Prisons, No. Civ. A 04-5143 (JBS), 2005 WL 1899336, at *1 (D.N.J. Aug. 9, 2005) (stating that BOP informed inmate his pre-release preparation date was the date he would be considered for transfer to a CCC); see also Krigsman v. Federal Bureau of Prisons, No. Civ. A 05-2673(RBK), 2006 WL 755983, at *1 (D.N.J. Mar. 17, 2006); Cambridge v. Hogsten, No. 3:CV-06-0027, 2006 WL 335786, at *1-2 (M.D. Pa. Feb. 14, 2006).

      Clearly, by assigning a pre-release preparation date, the BOP already has evaluated or considered Petitioner's pre-release custody.  Even though the date may be tentative, it still has been computed and communicated to Petitioner.  Furthermore, the May 2007 date would give him about three months in a CCC, which is about ten percent of his sentence.  It thus appears that the BOP computed the pre-release preparation date pursuant to the February 2005 policy's ten percent limitation.  Under these circumstances, the Court rejects Respondent's suggestion that this matter is not ripe for consideration.  While

Elwood and Fults mandate relief for Petitioner,[1] nothing in these decisions or the applicable statutes entitles any prisoner to six months of placement in a CCC.  See Woodall, 432 F.3d at 251 ("[T]hat the BOP may assign a prisoner to a CCC does not mean that it must."); Elwood, 386 F.3d at 847 ("We emphasize ... that 18 U.S.C. § 3624(c) does not require placement in a CCC.")  Instead, the proper remedy is consideration of such placement by the BOP in accordance with the relevant decisions.

THEREFORE, Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus is GRANTED and Respondent is directed to: (a) consider, within twenty days and in good faith, transferring Petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account by the BOP prior to the adoption of its December 2002 and February 2005 policies, which must include the factors set forth in 18 U.S.C. § 3621(b); and (b) place Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months.

IT IS SO ORDERED this 7th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Petitioner is entitled to relief as set forth above, it is not necessary to address his ex post facto argument.